UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. COOPER,
et al.,

                Plaintiffs,

v.                              Case No. 3:05-cv-746-J-16TEM

JAMES V. CROSBY,
etc.; et al.,

                Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs Anthony L. Cooper, Anthony Miller and Luis Negron inmates of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Complaint entitled "Class of Plaintiff(s) Class Action Lawsuit" pursuant to 42 U.S.C. § 1983 (Doc. #1) (hereinafter Complaint). Plaintiff Cooper lists Anthony Miller and Luis Negron and a class of all similarly situated persons as Plaintiffs in this action.

Plaintiff Cooper claims the Defendants have violated his federal constitutional rights by using chemical agents upon him. Further, he contends that the medical departments at Union Correctional Institution and Florida State Prison are illegally and unconstitutionally operating the medical departments. Plaintiffs Miller and Negron have allegedly been denied mental health treatment at Florida State Prison.

Although Plaintiffs Anthony Miller and Luis Negron signed the Complaint, they failed to submit separate Affidavits of Indigency.

Further, based on the allegations contained within the Complaint, it is clear that Plaintiff Cooper has set forth the allegations and claims concerning Plaintiffs Miller and Negron.

Finally, Plaintiffs Miller and Negron have not exhausted the administrative grievance procedures with respect to their claims. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In refiling, Plaintiffs Miller and Negron should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures. Thus, this Court will dismiss Plaintiffs Miller and Negron and allow them to file separate civil rights complaint forms and separate Affidavit of Indigency forms, which will be provided to them by the Clerk of Court.

Plaintiffs filed the Complaint, on August 1, 2005, in the Tampa Division of this Court. On August 5, 2005, the Court transferred the case to the Jacksonville Division. This Court

takes judicial notice of Case No. 3:05-cv-704-J-99MCR, in which Plaintiff Cooper was advised that, pursuant to the Local Rules of this Court, a complaint concerning claims arising at Florida State Prison (located in Bradford County) should be filed in the Jacksonville Division.  See Local Rule 1.02, "Divisions of the Court," Rules of the United States District Court for the Middle District of Florida.  Plaintiff Cooper is certainly aware of the proper division in which to file his civil rights complaint.  Apparently, he is attempting to circumvent this Court's guidelines and instructions for filing a civil rights complaint.  In the future, sanctions may be imposed for Plaintiff Cooper's inappropriate forum shopping.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:02-cv-76-RH, which was brought by Plaintiff Cooper[1] in the United States District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. #4) entered in that case on March 7, 2002, the court recommended that Plaintiff's case be dismissed because he had filed the following cases in that court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:00-cv-135RV; (2) 4:98-cv-197; (3) 3:00-cv-89; and, (4) 3:00-cv-51.[2] The Report and Recommendation was adopted by the District Court Judge, and the case was dismissed on April 18, 2002.

Because Plaintiff Cooper has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[3] his application to proceed in forma pauperis will be

---

[1] The docket sheet in that case, which is available for viewing on the Pacer Service Center's U.S. Party/Case Index, shows that this case was brought by Plaintiff Cooper because the name and inmate number of the Plaintiff in that case are identical to the name and inmate number of the Plaintiff in this case. See http://pacer.uspci.uscourts.gov/index.html.

[2] This Court takes judicial notice of the cases in this Court that were dismissed as frivolous: (1) 3:04-cv-1133-J-16MCR; (2) 3:04-cv-1215-J-20TEM; and, (3) 3:05-cv-699-J-25HTS.

[3] Plaintiff Cooper's vague and conclusory allegations are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

denied and this action will be dismissed without prejudice. Plaintiff Cooper may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $250.00 filing fee. Plaintiff Miller and Negron may resubmit their claims in separate actions in this Court after they have fully exhausted each claim against each Defendant through the administrative grievance procedure.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiffs Anthony Miller and Luis Negron are **DISMISSED** from this action for their failure to file separate Affidavits of Indigency and for their failure to exhaust the administrative grievance procedure with respect to their claims. Each Plaintiff may resubmit his claims in a separate action in this Court after he has fully exhausted each claim against each Defendant through the grievance procedure available to him.

2. The Clerk of Court shall send a "Civil Rights Complaint Form" and an "Affidavit of Indigency" form to each Plaintiff. If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

3. Plaintiff Cooper's application to proceed in forma pauperis (Doc. #2) is **DENIED**.

4. Plaintiffs' Motion for Class Action (Doc. #3) is **DENIED**, and all class action allegations are hereby **STRICKEN** for failure to comply with Local Rule 4.04(a).

5. Plaintiffs' Motion to File Amend[ed] Complaint and Leave to Filed [sic] Amend[ed] Complaint and Motion to Appoint Court Appointed Counsel to Assi[s]t Plaintiffs (Doc. #4) is **DENIED.**

6. This case is hereby **DISMISSED** without prejudice.

7. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

8. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of August, 2005.

_____
JOHN H. MOORE II
United States District Judge

sc 8/12

c:

Anthony L. Cooper

Anthony Miller

Luis Negron